**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| **In Re DMCA Subpoena to Cloudflare, Inc.** |

Case No. 7:25-mc-00555-KMK

## CLOUDFLARE, INC.'S OPPOSITION TO PETITIONER WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S MOTION FOR AN ORDER TO SHOW CAUSE WHY CLOUDFLARE, INC. SHOULD NOT BE HELD IN CONTEMPT

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

BACKGROUND ...................................................................................................................3

LEGAL STANDARD...........................................................................................................5

ARGUMENT ........................................................................................................................6

I.      Contempt Is Not Warranted Because Cloudflare Has Not Defied A Court Order. ............6

II.     Watch Tower's Contrary Arguments Are Meritless. ............................................................7

III.    Watch Tower's Motion Violates Local Civil Rules 6.1(d), 37.2, and 83.6 and This Court's Individual Rules. ...........................................................................................12

CONCLUSION ....................................................................................................................15

CERTIFICATE OF COMPLIANCE WITH WORD-COUNT LIMIT .......................................16

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Bass v. Pershing*,
2025 WL 1224221 (S.D.N.Y. Apr. 24, 2025)........................................................15

*Brentlor, Ltd. v. Schoenbach*,
2018 WL 5619951 (S.D.N.Y. Jan. 9, 2018) ....................................................... 6-7

*Clinton Cap. Corp. v. 257 W. 21st St. Assocs., Inc.*,
2025 WL 2680141 (S.D.N.Y. Sept. 19, 2025)....................................................13

*Digital Sin v. Does 1-176*,
279 F.R.D. 239 (S.D.N.Y. 2012) ..........................................................................8

*First Cap. Est. Invs., LLC v. Sddco Brokerage Advisors, LLC*,
2020 WL 1878825 (S.D.N.Y. Apr. 14, 2020)........................................................5

*Forum Ins. Co. v. Keller*,
1992 WL 297580 (S.D.N.Y. Oct. 8, 1992) ............................................................7

*Freedman Normand Friedland, LLP v. Cyrulnik*,
2024 WL 2306175 (S.D.N.Y. May 21, 2024) ......................................................14

*Homeward Residential, Inc. v. Sand Canyon Corp.*,
2017 WL 4676806 (S.D.N.Y. Oct. 17, 2017)....................................................9, 11

*In re DMCA Subpoena to Reddit, Inc.*,
441 F. Supp. 3d 875 (N.D. Cal. 2020) ....................................................... 2, 10, 11

*In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*,
581 F. Supp. 3d 509 (S.D.N.Y. 2022)................................................. 2, 9, 10, 11

*In re Markus*,
78 F. 4th 554 (2d Cir. 2023) ..................................................................................5

*In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address
69.120.35.31*,
2010 WL 2219343 (E.D.N.Y. Feb. 5, 2010)........................................................11

*Jam Indus. USA, LLC v. Gibson Brands, Inc.*,
2020 WL 4003280 (S.D.N.Y. July 15, 2020) ........................................................6

*Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*,
2017 WL 5067500 (S.D.N.Y. Sept. 27, 2017)........................................................5

*Kate Spade LLC v. Vinci Brands LLC*,
2025 WL 2211679 (S.D.N.Y. May 1, 2025) ..........................................................9

*McDonald v. Escape the Room Experience, LLC*,
2016 WL 6561413 (S.D.N.Y. Oct. 21, 2016)......................................................13

ii

*Mister Softee, Inc. v. Valdez,*
    2002 WL 24473 (S.D.N.Y. Jan. 8, 2002) ............................................................... 13

*PaineWebber Inc. v. Acstar Ins. Co.,*
    211 F.R.D. 247 (S.D.N.Y. 2002) .......................................................................... 7

*Paramedics Electromedicina Comercial, LTDA v. GE Med. Sys. Info. Techs., Inc.,*
    369 F.3d 645 (2d Cir. 2004) ................................................................................ 5

*Perez v. Danbury Hosp.,*
    347 F.3d 419 (2d Cir. 2003) ................................................................................ 5

*Signature Mgmt. Team, LLC v. Automattic, Inc.,*
    941 F. Supp. 2d 1145 (N.D. Cal. 2013) .............................................................. 12

*Spallone v. United States,*
    493 U.S. 265 (1990) ........................................................................................... 5

*Tuqui Tuqui Dominicana, S.R.L. v. Castillo,*
    2020 WL 1689763 (S.D.N.Y. Apr. 7, 2020) .................................................. 1, 6

**Statutes**

17 U.S.C. § 512 ................................................................................... 3, 5, 11, 12

**Rules**

Fed. R. Civ. P. 4 ...................................................................................... 15

Fed. R. Civ. P. 45 ............................................................................ 6, 13, 14

Fed. R. Civ. P. 45(g) Advisory Committee's Note to 2013 Amendment ............. 6

L. Civ. R. 6.1 ................................................................................... 2, 12-13

L. Civ. R. 37.2 .............................................................................. 2, 13, 14

L. Civ. R. 37.2 2024 Committee Note ......................................................... 14

L. Civ. R. 83.6 ............................................................................... *passim*

J. Karas Individual Rule II.A ....................................................... 13, 14

## INTRODUCTION

Petitioner, Watch Tower Bible and Tract Society of Pennsylvania ("Watch Tower"), served a Digital Millennium Copyright Act ("DMCA") subpoena on nonparty, Cloudflare, Inc. ("Cloudflare"), seeking to identify an individual who allegedly infringed on Watch Tower's copyrighted works.  The next day, Cloudflare (i) contacted Watch Tower's counsel to acknowledge receipt and (ii) notified the individual associated with the relevant Cloudflare account (*i.e.*, the Cloudflare user) of the subpoena.  Counsel for the Cloudflare user then advised Cloudflare they planned to intervene, after which Cloudflare promptly advised Watch Tower that Cloudflare would hold its response to the subpoena pending that intervention.  The Cloudflare user, who has appeared as J. Doe, also directly advised Watch Tower of their intention to move to quash the subpoena.  *See* ECF No. 12.  But rather than respond to that anticipated motion to quash—which Doe has since sought leave to file—Watch Tower inexplicably rushed to seek contempt against Cloudflare. Watch Tower's motion is utterly meritless and procedurally defective.  It should be denied.

The motion fails substantively for a simple reason: Cloudflare did not defy *any* court order (nor was it even subject to one), as Watch Tower must show by clear and convincing evidence to establish contempt.  Courts in this District have repeatedly held that technical noncompliance with a subpoena does not establish contempt absent violation of a further court order.  *See, e.g.*, *Tuqui Tuqui Dominicana, S.R.L. v. Castillo*, 2020 WL 1689763, at *6 (S.D.N.Y. Apr. 7, 2020) ("[T]he Court declines to hold defendants and Ms. Cabrera in contempt because there has been no court order requiring their compliance with plaintiffs' subpoenas.").  At all times, moreover, Cloudflare has engaged diligently and in good faith with Watch Tower about the subpoena, promptly acknowledging receipt and updating Watch Tower regarding its response.

Watch Tower's insistence that Cloudflare has waived its objections to the subpoena, or that Doe's anticipated motion to quash would be untimely, is equally flawed. Courts excuse untimeliness when, as here, the discovery request is infirm and the subpoena recipient is a nonparty that has operated in good faith and communicated with the subpoenaing party. Two courts, including one in this District, have already quashed Watch Tower's nearly identical DMCA subpoenas on grounds similar to those Doe seeks to advance here. *See In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509 (S.D.N.Y. 2022); *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 887 (N.D. Cal. 2020). And, as noted, Cloudflare, a nonparty, engaged in good faith with Watch Tower's counsel after Watch Tower served the subpoena on Cloudflare, including by communicating with Watch Tower's counsel.

Watch Tower, moreover, has violated at least three Local Civil Rules, and this Court's Individual Rules, through its motion. *First*, Watch Tower moved for contempt on an order to show cause, rather than on notice of motion, without having made a "clear and specific showing by affidavit that contains good and sufficient reasons why a procedure other than by notice of motion is necessary," as Local Civil Rule 6.1(d) requires. *Second*, Watch Tower failed to seek a pre-motion conference before filing its motion, violating Local Civil Rule 37.2 and this Court's Individual Rules. (Watch Tower also did not notify Cloudflare about the motion or engage with Cloudflare about the subpoena or Doe's anticipated motion to quash before filing.) The pre-conference requirement exists to enable parties to resolve discovery disputes expeditiously and obviate exactly the sort of needless motion practice Watch Tower has generated. Watch Tower's violation of that requirement is a sufficient basis to deny its contempt motion. *Third*, as of at least 12:00 p.m. Eastern Time today, Watch Tower has not personally served its motion papers on Cloudflare, as Local Civil Rule 83.6 requires.

2

Watch Tower's contempt motion is flawed several times over and never should have been brought. This Court should deny the motion and, under Local Civil Rule 83.6(d), enter judgment against Watch Tower for Cloudflare's costs, disbursements, and reasonable counsel fees.

## **BACKGROUND**

On December 4, 2025, Watch Tower applied to this Court for the issuance of a DMCA subpoena to Cloudflare. *See* ECF No. 1; 17 U.S.C. § 512(h). Watch Tower sought information that would identify individuals who had uploaded content to several webpages under the domain, www.jws-library.one, claiming those individuals had infringed on Watch Tower's copyrighted works and that Watch Tower had sent Cloudflare corresponding DMCA notices. *See* ECF Nos. 1, 1-1, & 4. On December 9, 2025, the Court issued the subpoena. *See* ECF No. 6.

On December 11, 2025, Watch Tower served the subpoena on Cloudflare through its registered agent. *See* ECF Nos. 10 ¶ 8, 10-6. The subpoena was returnable on January 15, 2026. *See* ECF No. 1-1. The very next day, Cloudflare emailed Watch Tower's counsel to acknowledge it had received the subpoena. *See* ECF No. 10-7; Declaration of Mel Tortorella ("Tortorella Decl.") ¶ 11, Ex. C. In that initial response, Cloudflare clarified that, "[b]ecause Cloudflare is a reverse proxy, our IP addresses appear in WHOIS and DNS records for websites using our services. For the vast majority of our customers, Cloudflare is not a hosting provider and does not have access to our customers' content." *See* Tortorella Decl., Ex. C. Ignoring that fact, Watch Tower has relied on WHOIS records to support its assertion that Cloudflare is the "webhost" for www.jws-library.one. *See* ECF Nos. 10 ¶ 5, 10-3.

In the same initial response, Cloudflare also disclosed its "policy to notify users of requests for their information prior to disclosure unless we are prohibited from doing so by statute or court order." Tortorella Decl., Ex. C. In line with that policy, Cloudflare contacted the Cloudflare user

associated with the relevant Cloudflare account that day (December 12) to inform them of the subpoena. *See* Tortorella Decl. ¶ 4, Ex. A. Approximately one month later, on January 13, 2026, counsel for the Cloudflare customer, *i.e.*, Doe, contacted Cloudflare, explaining that they had "just been retained" and requesting that Cloudflare hold its response to the subpoena—due two days later, January 15—while they investigated and prepared Doe's response to the subpoena. *See id.*, Ex. B. The next day, on January 14, 2026, Cloudflare agreed to hold its response (*see id.*) and promptly updated Watch Tower, stating in an email to Watch Tower's counsel:

> Upon notifying our customer of this subpoena, we understand that our customer may be intervening in this case. We are therefore holding our response pending further updates.

*See id.*, Ex. C.

Setting aside Watch Tower's improper contempt motion, at no point after serving the subpoena did Watch Tower's counsel demand production from Cloudflare or even request an update from Cloudflare about the status of Cloudflare's response to the subpoena. *See* Tortorella Decl. ¶ 8, Ex. C.

On January 21, 2026, one week after receiving Cloudflare's update, and after learning from Doe's counsel that Doe planned to move to quash the subpoena unless the parties could amicably resolve the matter, Watch Tower moved for an order to show cause why Cloudflare should not be held in contempt for alleged noncompliance with Watch Tower's subpoena. *See* ECF Nos. 7-10.

Later in the day on January 21, Doe requested a pre-motion conference regarding their anticipated motion to quash Watch Tower's subpoena. *See* ECF No. 12. Doe explained that, as an individual residing outside the United States with no litigation experience, Doe required time to obtain pro bono counsel. *See id.* at 1. Doe also argued that Doe's use of Watch Tower's allegedly copyrighted works is a non-infringing fair use and that, in similar circumstances, courts have quashed DMCA subpoenas seeking such a user's identity. *See id.* at 1-3. Alternatively, Doe argued

4

this Court should quash the subpoena given the weakness of Watch Tower's threatened copyright claims and the irreparable harm and chilling of protected speech that would result from permitting Watch Tower's subpoena. *See id.* at 3.

## LEGAL STANDARD

A court may issue a contempt sanction under Rule 45 based on its inherent authority. *See In re Markus*, 78 F. 4th 554, 566–67 (2d Cir. 2023); *see also* 17 U.S.C. § 512(h)(6) (DMCA incorporating Rule 45's standards governing subpoena enforcement). Even so, a court's civil contempt authority is "narrowly circumscribed." *Perez v. Danbury Hosp.*, 347 F.3d 419, 423 (2d Cir. 2003). To establish contempt, the movant must demonstrate that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *First Cap. Est. Invs., LLC v. Sddco Brokerage Advisors, LLC*, 2020 WL 1878825, at *2 (S.D.N.Y. Apr. 14, 2020) (citing *Paramedics Electromedicina Comercial, LTDA v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004)) (cleaned up). "Although the defendant's conduct need not be willful, a plaintiff must also prove that the defendant has not been reasonably diligent and energetic in attempting to comply." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2017 WL 5067500, at *9 (S.D.N.Y. Sept. 27, 2017) (cleaned up).

Civil contempt sanctions may not be punitive. They may only be used to (i) coerce a party to conform its conduct to a court order or (ii) compensate the movant when it has suffered "actual damage." *See id.* (citation omitted). The party seeking contempt must "set out with particularity" any claim for damages occasioned by the alleged contempt and evidence of damages. L. Civ. R. 83.6(a). In fashioning any sanction, a court is obliged to use the "least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (cleaned up). But "[i]f

the alleged contemnor is found not guilty of the charges, said person shall be discharged from the proceedings and, in the discretion of the Court, may have judgment against the complainant for costs and disbursements and a reasonable counsel fee."  L. Civ. R. 83.6(d).

## ARGUMENT

### I.    Contempt Is Not Warranted Because Cloudflare Has Not Defied A Court Order.

The Court should deny Watch Tower's motion because Watch Tower cannot meet the demanding standard to establish contempt.  As discussed, Watch Tower must show by clear and convincing evidence that Cloudflare failed to comply with, and has not shown any diligence in complying with, an unambiguous court order.  Although a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena" (Fed. R. Civ. P. 45(g)), "it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena," Fed. R. Civ. P. 45(g) Advisory Committee's Note to 2013 Amendment.

Consistent with that guidance, the settled consensus in this District is that technical noncompliance with a subpoena is insufficient to warrant contempt, absent defiance of a further court order.  *See, e.g.*, *Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, at *6 (S.D.N.Y. July 15, 2020) (declining to impose sanctions because "no court order was violated" when a deposition did not go forward even after the deposition subpoena was properly served); *Tuqui Tuqui Dominicana*, 2020 WL 1689763, at *6 (declining to hold nonparty in contempt "because there has been no court order requiring their compliance with plaintiffs' subpoenas"); *Brentlor, Ltd. v. Schoenbach*, 2018 WL 5619951, at *3 (S.D.N.Y. Jan. 9, 2018) (collecting cases supporting the proposition that "before contempt sanctions are imposed on a non-party, the violation of a court order is also generally required" and declining to impose sanctions given that

"[n]o prior court order [had] been issued to compel compliance with the [s]ubpoena) (cleaned up).[1] Those cases recognize the fundamental distinction, for contempt purposes, between a subpoena and a court order enforcing that subpoena. *See also infra* pp. 11-12 (explaining that the mere issuance of a DMCA subpoena does not negate the right to move to quash, or require production while such a motion is pending).

Here, no order has issued as to Cloudflare. Watch Tower did not, for example, secure an order compelling Cloudflare's compliance with Watch Tower's subpoena that Cloudflare then ignored. Accordingly, Watch Tower cannot satisfy *any* of the elements required to establish contempt, *i.e.*, that an unambiguous court order exists; that Cloudflare failed to comply with it; and that Cloudflare has not shown reasonable diligence in complying with it. Accordingly, the Court must deny Watch Tower's motion.[2]

## II.    Watch Tower's Contrary Arguments Are Meritless.

Watch Tower offers a grab-bag of arguments in support of contempt and other points. Each is meritless.

1.    Watch Tower suggests this Court should hold Cloudflare in contempt based on rank speculation that responsive information may be lost, given that Cloudflare has not yet produced responsive documents. *See* ECF No. 9 at 10. Unsurprisingly, Watch Tower cites no authority for that proposition, nor could it, given that a contempt finding must be supported by clear and

---

[1] Watch Tower's cited cases accord with this consensus. *See* ECF No. 9 at 9–10. In both, the Court issued a contempt sanction *after* the nonparty violated a court order. *See PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 248–49 (S.D.N.Y. 2002) (Court "entered an order . . . requiring [nonparty subpoena recipients] to comply with the subpoenas" and relied on their "blatant disregard for the subpoenas **and the Court's order**" in holding them in contempt) (emphasis added); *F. Ins. Co. v. Keller*, 1992 WL 297580, at \*2–3 (S.D.N.Y. Oct. 8, 1992) (noting that, after nonparty "refused to comply" with subpoena, Court "enter[ed] an order compelling the production of documents" and that nonparty "***failed to abide by that Order***.") (emphasis added).

[2] Cloudflare will abide by any Court order compelling Cloudflare to comply with the subpoena.

convincing evidence, not speculation.  *See supra* p. 5.  Here, Watch Tower does not offer a shred of evidence to support its concern about <u>Cloudflare's</u> ability to preserve responsive information. *Digit. Sin, Inc. v. Does 1-176*, which Watch Tower cites (*see* ECF No. 9 at 10), certainly says nothing about that subject.  279 F.R.D. 239 (S.D.N.Y. 2012).  And, of course, had Watch Tower sought a pre-motion conference before filing its contempt motion, as required (*see infra* p. 13), any questions or concerns about preservation could have been resolved at that conference. (Cloudflare has preserved responsive data in its possession, custody, or control.  *See* Tortorella Decl. ¶ 9).

2.    Watch Tower argues contempt is warranted because Cloudflare did not produce responsive information before the subpoena's January 15 return date.  *See* ECF No. 9 at 10, 12. But as noted, alleged noncompliance with a subpoena alone does not justify a contempt finding.

Equally important, Cloudflare acted promptly after receiving the subpoena, displaying exactly the type of diligence that forecloses a contempt finding.  The day after receiving the subpoena, Cloudflare emailed Watch Tower's counsel to acknowledge receipt.  Minutes later, Cloudflare notified the user implicated by the subpoena.  *Compare* Tortorella Decl. Ex. C, *with* Tortorella Decl. Ex. A.  After Cloudflare learned that the user may move to quash Watch Tower's subpoena, Cloudflare communicated that to Watch Tower before the subpoena's return date.  *See* Tortorella Decl. Exs. B, C.  Cloudflare also did not categorically decline to produce information in response to the subpoena; it only stated that it would be "*holding* [its] response pending further updates."  *See* Tortorella Decl. Ex. C (emphasis added).  And, at no point after serving the subpoena on Cloudflare did Watch Tower demand production or even request an update from Cloudflare, let alone one that Cloudflare ignored.  *See* Tortorella Decl. ¶ 8, Ex. C.  Because Cloudflare engaged in good faith with Watch Tower and kept Watch Tower abreast of Cloudflare's position on the

subpoena, contempt is, by a wide margin, unwarranted here. *Cf. Kate Spade LLC v. Vinci Brands LLC*, 2025 WL 2211679, at *5 (S.D.N.Y. May 1, 2025), *report and recommendation adopted*, 2025 WL 2208857 (S.D.N.Y. Aug. 4, 2025) (nonparty did not diligently attempt to comply with the subpoena in a reasonable manner when, *inter alia*, it "ignored [subpoenaing party's] counsel's telephone calls and e-mails").

3.      For similar reasons, that Cloudflare did not formally object to the subpoena or move to quash it before the subpoena's return date does not waive Cloudflare's objections to the subpoena, as Watch Tower contends. *See* ECF No. 9 at 9, 10, 12.  Courts in this District regularly excuse technical untimeliness in "unusual circumstances" and for "good cause." *Homeward Residential, Inc. v. Sand Canyon Corp.*, 2017 WL 4676806, at *17 (S.D.N.Y. Oct. 17, 2017). Specifically, courts consider whether "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery, (2) the subpoenaed witness is a non-party acting in good faith, and (3) counsel for witness and counsel for subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged legal basis for the subpoena." *Id.* (citation omitted).

Here, each factor supports Cloudflare.  As to the first, there is good reason to believe Watch Tower's subpoena is infirm.  Courts have quashed similar DMCA subpoenas Watch Tower has previously issued, accepting arguments like those Doe anticipates advancing here, per Doe's pre-motion letter. *See* ECF No. 12.  *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)* is on point.  581 F. Supp. 3d 509 (S.D.N.Y. 2022).  There, Watch Tower obtained a DMCA subpoena against YouTube, seeking the identity of an individual Watch Tower claimed had infringed Watch Tower's alleged copyrighted works.  The alleged infringer moved to quash the subpoena, arguing he had made a fair use of those works.  The Court agreed, after conducting a

thorough fair use analysis and concluding that "three of the four statutory fair use factors favor Movant, including the most important factor (purpose and character of use), while the least important factor (nature of the copyrighted work) only weighs slightly against Movant." *Id.* at 523. Because the movant "made fair use of Watch Tower's works," the movant "did not infringe Watch Tower's copyrighted works, and there [wa]s no basis under the DMCA for a subpoena to compel disclosure of his identity." *Id. In re DMCA Subpoena to Reddit, Inc.* is similar. 441 F. Supp. 3d 875 (N.D. Cal. 2020). There, the court concluded the individual at issue in a DMCA subpoena Watch Tower secured had "made fair use of the Watch Tower ad and chart" and quashed the subpoena on that ground. *Id.* at 887. For all the reasons Doe identified in their pre-motion letter, Doe has equally, if not more, compelling fair use arguments here.[3] *See* ECF No. 12.

Cloudflare satisfies the second and third factors as well. As to the second, Cloudflare is plainly a non-party, and it acted promptly in response to Watch Tower's subpoena, demonstrating its good faith. As to the third, Cloudflare kept Watch Tower's counsel updated about Cloudflare's position on the subpoena before any challenge to the subpoena was brought. Not least, Cloudflare reasonably, and consistent with its standard policies, waited to formally respond to the subpoena until it learned Doe's position on the subpoena; after all, Cloudflare's production would have mooted Doe's arguments on a motion to quash. Doe, in turn, had good cause for any delay in their seeking leave to move to quash. As a non-U.S. resident with no litigation experience, Doe "could not afford to contest the subpoena without the assistance of pro bono counsel in the United States, which took some time to find." ECF 12 at 1. Similarly, in *YouTube*, the court excused the movant's one-month delay in moving to quash when, *inter alia*, it had taken the movant five weeks to secure

---

[3] *YouTube* and *Reddit* also give lie to Watch Tower's assertion that none of the "arguments typically made by subscribers such as the infringer in this case . . . are valid." *See* ECF No. 9 at 11.

pro bono counsel and Watch Tower failed to demonstrate any prejudice from the delay.  *See* 581 F. Supp. 3d at 517; *see also id.* at 516 (recognizing that "a number of courts in this Circuit have exercised their discretion to consider motions to quash that were not timely filed within the meaning of Rule 45 and applicable case law") (collecting cases).

In sum: because Watch Tower's subpoena is vulnerable to a motion to quash, which Doe has requested the Court's leave to file; because Cloudflare, a nonparty, engaged in good-faith with Watch Tower about its subpoena; and because Cloudflare learned that its customer, a non-U.S. resident who needed pro bono counsel, may move to quash the subpoena, there is ample basis for this Court to excuse Cloudflare's delay in formally objecting to Watch Tower's subpoena, such that the failure to do so "did not constitute a waiver of objections."  *See Homeward Residential*, 2017 WL 4676806, at *17.  *See also In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, 2010 WL 2219343, at *6 (E.D.N.Y. Feb. 5, 2010)*, report and recommendation adopted in part,* 2010 WL 1686811 (E.D.N.Y. Apr. 26, 2010) (excusing untimeliness of objections to subpoena when "Doe asserts a significant constitutional interest that casts doubt on the propriety of the information sought, as discussed below, and clearly satisfies the latter two requirements that he has acted in good faith in seeking to resolve this dispute").

4.    Watch Tower's last gasp argument under the DMCA is a non-starter.  Watch Tower argues, in effect, that because the DMCA provides that a subpoena recipient should disclose the sought information "expeditiously," the recipient must do so even if another entity plans to move to quash the subpoena, on pain of contempt.  *See* ECF No. 9 at 11 (citing 17 U.S.C. § 512(h)(5)). That is not, and cannot be, the law.  As cases like *YouTube* and *Reddit* demonstrate, parties subpoenaed under the DMCA are not required to produce responsive documents while a motion to quash that subpoena is pending.  If the rule were otherwise, one of two absurd results would

obtain: either a subpoenaed party would need to immediately produce materials in response to a potentially invalid subpoena the Court may quash, eviscerating the movant's rights, or it would be forced to raise any objections to the subpoena only through contempt proceedings and risk sanctions if those objections are rejected. *Cf. Signature Mgmt. Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1153 (N.D. Cal. 2013) (explaining that the Section "512(h) can be read to allow the recipient of the subpoena to challenge its validity in a motion to quash" and observing that "in every instance in which a party has sought to quash a DMCA subpoena, the courts have discussed the merits of the motion to quash without casting any doubt on the validity of the procedure"). The Court should reject Watch Tower's untenable interpretation of Section 512(h).

### III.    Watch Tower's Motion Violates Local Civil Rules 6.1(d), 37.2, and 83.6 and This Court's Individual Rules.

Even setting aside its substantive flaws, Watch Tower's motion should be denied because it flouts several procedural requirements.

First, Watch Tower violated Local Civil Rule 6.1(d), which provides that "[n]o . . . order to show cause to bring on a motion[] will be granted, except upon a clear and specific showing by affidavit that contains good and sufficient reasons why a procedure other than by notice of motion is necessary and states whether a previous application for similar relief has been made." L. Civ. R. 6.1(d). Here, Watch Tower moved for contempt on an order to show cause (*see* ECF No. 8) without making that showing. Although Watch Tower's counsel submitted a declaration in support of Watch Tower's motion, that declaration does not even *attempt* to justify the order to show cause procedure here, let alone make a "clear and specific showing" why a "procedure other than by notice of motion is necessary." *See* ECF No. 10. Read exceedingly charitably, the closest the declaration comes is to speculate that unspecified "[s]ervice providers typically retain such information for a limited period of time," implying that, *if* that is true for Cloudflare, Court

12

intervention is required to prevent the *potential* loss of information.  *Id.* ¶ 12.  Such speculation atop speculation, unmoored from any "clear and specific" showing as to Cloudflare, does not satisfy Local Civil Rule 6.1(d).  *See, e.g.*, *Mister Softee, Inc. v. Valdez*, 2002 WL 24473, at *1 (S.D.N.Y. Jan. 8, 2002) (declining to sign order to show cause when "[n]o such showing [under Local Civil Rule 6.1(d)] has been made here"); *McDonald v. Escape the Room Experience, LLC*, 2016 WL 6561413, at *3 (S.D.N.Y. Oct. 21, 2016) (same when "plaintiff failed to present any evidence establishing good and sufficient reason why a procedure other than by notice of motion is necessary in connection with the plaintiff's application for a protective order").  And, in any event, that speculation is entirely misplaced, given that Cloudflare has preserved responsive information in its possession, custody, or control.  *See* Tortorella Decl. ¶ 9.  Accordingly, no order to show cause should issue here.

Next, Watch Tower violated Local Civil Rule 37.2 by failing to request a pre-motion conference before seeking contempt against Cloudflare.  That Rule requires such a conference for motions brought under Rule 45, like Watch Tower's.  It provides: "Unless the individual practices of the judge presiding over discovery require a different procedure, no motion under . . . Fed. R. Civ. P. 45 will be heard unless counsel for the moving party has first requested an informal conference with the court by letter-motion . . . and that request has either been denied or the discovery dispute has not been resolved as a consequence of the conference."  This Court's Individual Rules do not establish otherwise; rather, they expressly adopt and endorse Local Rule 37.2: "[f]or discovery motions, follow Local Civil Rule 37.2."  J. Karas Individual Rule II.A.  *See also Clinton Cap. Corp. v. 257 W. 21st St. Assocs., Inc.*, 2025 WL 2680141, at *2 (S.D.N.Y. Sept. 19, 2025) (motions under Rule 45 are subject to Local Civil Rule 37.2).

Here, Watch Tower brings its motion under Rule 45.  *See* ECF No. 8 at 1.  So, under both Local Civil Rule 37.2 and this Court's Rules, Watch Tower was required to, but did not, request a pre-motion conference before bringing this motion.  Watch Tower's violation of Local Civil Rule 37.2 is a sufficient basis to deny Watch Tower's motion.  *See, e.g.*, *Freedman Normand Friedland, LLP v. Cyrulnik*, 2024 WL 2306175, at *1 (S.D.N.Y. May 21, 2024) ("Cyrulnik's failure to comply with Local Civil Rule 37.2 would be reason enough to deny Cyrulnik's motion.") (collecting cases).

Watch Tower's contrary argument misreads this Court's rules.  Watch Tower contends no pre-motion conference was required because Watch Tower moved for an order to show cause.  *See* ECF No. 8 at 1–2 (citing J. Karas Individual Rule II.A).  Setting aside that Watch Tower failed to justify the order-to-show-cause procedure here, the exception Watch Tower relies on applies to motions "*other than* discovery motions."  J. Karas Individual Rule II.A (emphasis added).  For such non-discovery motions "a pre-motion conference with the Court is required for making any motion, except motions brought on by Order To Show Cause."  *Id.*  But because Local Civil Rule 37.2 expressly treats Rule 45 motions as discovery motions, and this Court's Rules adopt Local Rule 37.2, the exception for orders to show cause in this Court's Rules does not apply.  *See also* 2024 Committee Note to L. Civ. R. 37.2 (explaining that the 2024 amendment to Local Civil Rule 37.2 "***adds Rule 45 motions*** for subpoena enforcement to the motions covered by the rule, ***because such motions are best understood as discovery motions***") (emphasis added).  In short, Watch Tower violated Local Civil Rule 37.2 and this Court's Rule II.A.  The Court can and should deny Watch Tower's motion on that basis.

Not least, as of at least 12:00 p.m. Eastern Time today, Watch Tower has not properly served Cloudflare with its motion papers, violating Local Civil Rule 83.6.  That Rule requires that, where

the alleged contemnor has not appeared in the action through an attorney, which was true as to Cloudflare when Watch Tower filed its motion, "service must be made personally, together with a copy of this Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons." No such service has been accomplished. Instead, Watch Tower's counsel emailed Cloudflare to advise of Watch Tower's filing. *See* Tortorella Decl. ¶¶ 10-11, Ex. C. But email is not an authorized method of service under Rule 4 of the Federal Rules of Civil Procedure or New York law. *See* Fed. R. Civ. P. 4(h)(1), 4(e)(1); *Bass v. Pershing*, 2025 WL 1224221, at *2 (S.D.N.Y. Apr. 24, 2025) ("[S]ervice by email is not one of the traditional methods permitted under New York law.").

## CONCLUSION

For all the reasons stated, this Court should deny Watch Tower's motion for civil contempt against Cloudflare and reject entirely Watch Tower's requested relief. Under Local Civil Rule 83.6(d), this Court should award Cloudflare its costs, disbursements, and reasonable attorneys' fees for needing to respond to Watch Tower's meritless and procedurally improper motion.

Dated: New York, New York        Respectfully submitted,
       February 2, 2026

                           By: /s/ *Sudhir V. Rao*
                             Sudhir V. Rao
                             ZWILLGEN PLLC
                             183 Madison Avenue, Suite 1601
                             New York, NY 10016
                             Telephone: (646) 362-5590
                             Email: Sudhir.rao@zwillgen.com

                             *Counsel for Cloudflare, Inc.*

15

## <u>CERTIFICATE OF COMPLIANCE WITH WORD-COUNT LIMIT</u>

This document complies with the word-count limitation in Local Rule 7.1(c) and this Court's Individual Rule II.B because, excluding the parts of the document that are exempted, this document contains 4,830 words.  This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft 365) used to prepare the document.

 /s/    *Sudhir V. Rao*
        Sudhir V. Rao