**ELECTRONIC FRONTIER FOUNDATION** EFF

> The Court will hold a pre-motion conference on Doe's motion to quash on February 23, 2026 at 10:30 AM via telephone.
>
> The Court will also address Watch Tower's motion for contempt at the hearing. Watch Tower shall file a response to Cloudflare's brief (Dkt. No. 20) no later than February 10, 2026. Cloudflare is directed to file a reply no later than February 17, 2026.
>
> So ordered.
>
> /s/ KMK
>
> 2/3/2026

January 21, 2026

**VIA ECF**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
Charles L. Brieant Jr.
United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      **Re:**   *In re: DMCA Section 512(h) Subpoena to Cloudflare, Inc.*
              Case number 7:25-mc-00555-KMK

Dear Judge Karas,

We represent J. Doe in connection with the above-captioned subpoena seeking their identifying information. We write to request a pre-motion conference concerning Doe's intention to file a motion to quash the subpoena.

Doe resides outside the United States, has no experience with litigation, and was only recently notified of the subpoena. Doe could not afford to contest the subpoena without the assistance of pro bono counsel in the United States, which took some time to find. We have conferred with Watch Tower's counsel via multiple emails over the past week in an attempt to resolve this dispute amicably, to no avail. After we informed Watch Tower's counsel that Doe intended to request a pre-motion conference regarding a motion to quash the subpoena, Watch Tower immediately filed a motion to show cause seeking to hold CloudFlare in contempt, stating that "Watch Tower is familiar with arguments typically made by subscribers such as the infringer in this case, and none of them are valid." (ECF No. 9, at 10-11).

We have also advised CloudFlare of Doe's intention to move to quash. We understand that the company will hold production of the requested information pending the outcome of Doe's motion or another amicable resolution of this matter.

Doe fears that the subpoena is, at root, an attempt to punish an anonymous researcher who has helped enable criticism and commentary to which Watch Tower objects. Watch Tower is a legal entity used worldwide by a religious organization, Jehovah's Witnesses,

The Honorable Kenneth M. Karas
January 21, 2026
Page 2 of 3

to direct, administer, and disseminate doctrines for the group. The underlying copyright claims concern materials that are part of an archive Doe created of content Watch Tower has published dating from 1890 to the present. Doe created the archive and an accompanying research tool to help educate other members of their community about historical statements and beliefs of the Jehovah's Witnesses that history has discredited, such as various predictions of when the world will end. Another purpose of the archive was to enable others to understand how the language and doctrinal approach of Watch Tower publications has changed over time, such as increases in calls for obedience and for donations. Such computer-aided research is impractical, if not impossible, without an archive and research tools such as the ones Doe assembled. Providing the source material also allows Doe to demonstrate the tool's accuracy and avoid accusations of bias or fabrication.

All of these facts point to Doe's use of the materials being a non-infringing fair use. In the unlikely event that Watch Tower actually attempted to sue Doe in the United States, it is unlikely that a properly pled complaint would survive a motion to dismiss.

For Doe, however, that motion to dismiss would come too late. Doe is a lifelong member of the Jehovah's Witnesses community. Based on that experience, Doe knows that dissenting points of view and independent religious research are strongly discouraged in the community, and that those who engage in it (or help others do so) are likely to be labeled "apostates," and excommunicated, or "disfellowshipped" from the community. For Doe and others, alienation from their religious community means alienation from central social relationships with friends and family, often permanently—a devastating injury.

Here, fear of that consequence has already silenced Doe. Upon learning of the subpoena, Doe immediately took the archive offline and has advised Watchtower (through counsel) that they will not repost the archive if Watchtower will halt its quest for their identity. (Another person has re-created the archive at another site but Doe neither controls nor is affiliated with that person.) In other words, Watchtower has shut down an important educational resource simply by serving a subpoena.

The First Amendment protects anonymous speech precisely to prevent these kinds of outcomes. Accordingly, a party seeking to pierce anonymity must establish: (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, ... (2) [the] specificity of the discovery request, ... (3) the absence of alternative means to obtain the subpoenaed information, ... (4) [the] need for the subpoenaed information to advance the claim, ... and (5) the [objecting] party's expectation of privacy. *Arista Records v. Doe 3*, 604 F.3d 110 (2d Cir. 2010). As this and other courts have recognized, a subpoena

The Honorable Kenneth M. Karas
January 21, 2026
Page 3 of 3

seeking disclosure of a user's identifying information must be quashed under this test where, as here, the use in question is a non-infringing fair use. *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509 (S.D.N.Y. 2022).

In the alternative, given the weakness of the underlying claims and the irreparable harm disclosure would cause, the Court can and should exercise its inherent power to quash the subpoena.

Watch Tower's Motion for an Order to Show Cause (ECF No. 8) should not have been filed without a pre-motion conference. Watch Tower misreads Your Honor's Individual Rules. Those rules require a pre-motion conference for motions *other than* discovery motions because Local Rule 37.2 governs discovery disputes separately—and it too requires a letter-motion first. L. Civ. R. 37.2. By skipping the usual "motion to compel" step and going straight to "show cause," thereby avoiding the need for a conference on a technicality, Plaintiff has unnecessarily complicated proceedings, while knowing that an impending letter motion for a conference on a motion to quash was forthcoming.

Doe also intends to move to consolidate two parallel proceedings: this one and a similar subpoena, issued by Judge Roman to Google for Doe's identifying information, based on *a single link to a single document*. That document has also been taken offline. While the underlying content at issue and the targeted provider vary, the most affected parties, background facts, and relevant law are the same. Watch Tower has refused to withdraw either subpoena. In the interests of consistency and judicial efficiency, Doe believes one judge should address both motions to quash.

We thank the Court for its attention to this matter.

    Respectfully submitted,

    */s/ Mitchell L. Stoltz*

    Mitchell L. Stoltz
    *Attorney for J. Doe*

cc:  All Counsel (via ECF)