UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

----

In Re DMCA Subpoena to Cloudflare, Inc.

Case No. 7:25-mc-00555-KMK

Honorable Kenneth M. Karas

SECOND DECLARATION OF MELANIE BAPTISTE-JEAN NOEL

----

**MELANIE BAPTISTE-JEAN NOEL**, an attorney duly admitted to practice law before the courts of the State of New York, hereby declares the following to be true under penalty of perjury:

1. I was retained as counsel for Watch Tower Bible and Tract Society of Pennsylvania ("Watch Tower"). As such, I am fully familiar with the facts of this matter as set forth herein based upon my review of the file and personal knowledge.

2. A Reddit user with the username "ComingOutaMyCage" claims ownership of the "JWS Online Library 1880 – 2022" (hereinafter "JWS-Library"), located at, https://jws-library.one. He boasts that he "launched a new website" and that it contains "every Watchtower, Awake, Golden Age, Book, Booklet, Brochure and a stack of manuals/guidelines," as well as "every video subtitle" of Watch Tower Bible and Tract Society of Pennsylvania's ("Watch Tower"). *See* Reddit posts by "ComingOutaMyCage," captured February 10, 2026, attached hereto as Composite Exhibit 1.

3. On July 30, 2025, Watch Tower sent Cloudflare 10 DMCA notices. [D.E. 10-3 at 7]. Cloudflare did not respond. On September 4, 2025, Watch Tower again contacted Cloudflare. *See* Email from Watch Tower to Cloudflare dated September 4, 2025, attached hereto as Exhibit 2. This time, Cloudflare sent what appeared to be an auto-generated

1

acknowledgment. [D.E.10-4 at 2]. Despite this, Cloudflare did not remove the infringements. On October 1, 2025, Watch Tower emailed Cloudflare for a third time and attached an email from a separate online service provider, Porkbun, indicating that Cloudflare was the host of the infringing sites. *See* Email from Watch Tower to Cloudflare dated October 1, 2025, and Email from Watch Tower to Cloudflare attaching email from Porkbun to Watch Tower dated September 4, 2025, attached as Composite Exhibit 3. Cloudflare did not respond to this communication and again did not remove the infringing site. The infringements remained online until after Watch Tower served the DMCA Subpoena and Doe decided to take down the site. [D.E. 12 at 2]. To date, Cloudflare's counsel has never communicated with Watch Tower and its counsel.

    4.  Watch Tower also sought removal of Doe's infringing content from other platforms, including Google, LLC ("Google") and GitHub, Inc. ("GitHub") where he hosted the code for JWS-Library.one and Watch Tower's materials. *See* All DMCA Notices and Acknowledgements from GitHub and Google attached hereto as Composite Exhibit 4. Those notices also stated that litigation in this matter is reasonably foreseeable. Both GitHub and Google acknowledged receipt of the DMCA notice(s). GitHub represented that it notified its user of the removal of the infringements.

    5.  The recipient of a DMCA subpoena may hold only partial identifying information about the infringer, such as an IP address, which in turn may require subpoenas to additional service providers such as internet service providers to obtain the remaining data needed to identify the user. Watch Tower can identify the internet service providers that must be subpoenaed only after receiving Cloudflare's production. If those other service providers delete the relevant records, there is no other means for Watch Tower to obtain the identity of the infringer and pursue a copyright infringement claim regarding the infringing website.

6. Cloudflare's pattern of disregard for Watch Tower's copyrights and its willful refusal to comply with the DMCA Subpoena, despite the lack of any objection or motion to quash, forced Watch Tower to seek the Court's intervention in this matter.

7. On February 9, 2026, Watch Tower ordered service of the Proposed Order to Show Cause and all supporting documents along with a copy of Local Civil Rule 83.6 on Cloudflare's counsel.

8. Watch Tower's subpoena was narrowly-tailored to the copyright infringement alleged in the DMCA notices. The subpoena requested the information that the DMCA subpoena provision allows – "information sufficient to identify the alleged infringer of the material described in the notification". 17 U.S.C. §512(h)(3) *See* Copy of the Signed Subpoena and Affidavit of Service attached hereto as Composite Exhibit 5.

Executed on: January 21, 2026
Lawrenceville, Georgia

/s/ Melanie Baptiste-Jean Noel
Melanie Baptiste-Jean Noel, Esq.
SDNY Bar No. MN9573
MBJN Law
925 Cripple Creek Dr., Suite 400
Lawrenceville, GA 30043
Telephone: 678-439-7550
Facsimile: 678-426-9177
Email: mjnoel@mbjnlaw.com
*Attorney for Petitioner Watch Tower*

3