**ZwillGen**    183 Madison Avenue, Suite 1601    **Phone:** +1 646 362 5590
New York, NY 10016    **Website:** www.zwillgen.com

Sudhir V. Rao
Sudhir.rao@zwillgen.com

March 31, 2026

*Via ECF*
The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr. United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:    *In re DMCA Subpoena to Cloudflare, Inc.*, No. 7:25-mc-00555-KMK (S.D.N.Y.)

Dear Judge Karas:

I write on behalf of nonparty Cloudflare, Inc. ("Cloudflare") in the above-captioned matter. Cloudflare requests a pre-motion conference concerning its intention to move, under Local Civil Rule 83.6(d), to recover its costs, disbursements, and reasonable counsel fees incurred in defending (and defeating) Petitioner, Watch Tower Bible and Tract Society of Pennsylvania's ("Watch Tower") contempt motion against Cloudflare. *See* J. Karas Individual Rule of Practice II.A.; ECF Nos. 7-10, 20-22, 23, 25-27. Below, Cloudflare describes the anticipated bases for its motion.

## I.    Local Civil Rule 83.6(d) aims to deter meritless contempt proceedings.

Contempt is a "drastic remedy." *Kerr v. Thomas*, 2017 WL 485041, at \*4 (S.D.N.Y. Feb. 3, 2017), *report and recommendation adopted sub nom. Kerr v. John Thomas Fin.*, 2017 WL 1609224 (S.D.N.Y. May 1, 2017) (cleaned up). Precisely because it can lead to severe sanctions, such as fines and imprisonment, the law aims to "protect[] citizens from being named respondents in unwarranted contempt proceedings." *Silverman ex rel. N.L.R.B. v. Ehrlich Beer Corp.*, 687 F. Supp. 67, 70 (S.D.N.Y. 1987). It accomplishes that goal by "requiring," among other things, "that the complainant face the potential economic sanction of paying reasonable attorneys fees if the proceeding is dismissed." *Id. See also id.* (noting that, under then-Local Rule 43, "'a reasonable counsel fee' may be recovered against the complainant" upon dismissal of a contempt proceeding).

Today, Local Civil Rule 83.6(d), which governs civil contempt proceedings, similarly provides that "[i]f the alleged contemnor is found not guilty of the charges, that person . . . in the discretion of the court, may have judgment against the complainant for costs and disbursements and a reasonable counsel fee." In that way, Rule 83.6(d) warns litigants not to bring baseless contempt motions or abuse the contempt procedure to try to leverage a strategic advantage.

1



183 Madison Avenue, Suite 1601
New York, NY 10016

**Phone:** +1 646 362 5590
**Website:** www.zwillgen.com

## II. Fee-shifting under Rule 83.6(d) is warranted here.

Watch Tower's conduct illustrates why Rule 83.6(d) exists and should be enforced here. Watch Tower's contempt motion was patently unreasonable in several respects, set forth below. As the Court explained, any contempt finding was "way premature," making the decision to deny Watch Tower's motion "not even close." Feb. 23, 2026 Hr'g Tr. at 17:9, 19:12 (attached as Exhibit A). By bringing its meritless motion, particularly without any prior notice to or effort to confer with Cloudflare, Watch Tower caused a substantial waste of resources. It forced Cloudflare to (i) respond to Watch Tower's 32 pages of briefing and evidence with 26 pages in responsive briefing and two employee declarations and (ii) prepare for and participate in a related hearing. All the associated time and resources could have been avoided had Watch Tower followed settled law and procedure, which revealed the fatal defects in Watch Tower's motion.

Awarding Cloudflare its costs and fees would deter Watch Tower and other litigants from engaging in similar conduct and would appropriately compensate Cloudflare for needing to respond to Watch Tower's motion. *Cf. Hawkins v. Levine*, 426 B.R. 36, 44 (N.D.N.Y. 2010) ("[A]n appropriate deterrence would be attorney's fees in the amount expended in defending against the unreasonable contempt motion.").

1. Watch Tower's motion was premature in multiple respects. Watch Tower never conferred with Cloudflare about its contempt motion before bringing it. The first time Watch Tower sought to confer with Cloudflare was the week before the contempt hearing, one day before Cloudflare's reply brief was due. Had Watch Tower engaged with Cloudflare and Doe's counsel before seeking contempt—after all, Watch Tower knew Doe planned to seek leave to move to quash the subpoena before Watch Tower moved for contempt—the parties could have narrowed the issues and likely avoided the contempt briefing altogether. At the very least, if Watch Tower were set on pursuing motion practice, it should have sought leave to move to compel Cloudflare's compliance with the subpoena—not immediately move for contempt on an order to show cause. The Court would have decided whether to permit any motion to compel, given Doe's request to move to quash the subpoena. In that world too, the parties could have avoided the contempt issue.

Instead, without prior notice to Cloudflare, Watch Tower rushed to the courthouse with its meritless contempt motion, violating several procedural rules in the process. That approach smacks of an attempt to intimidate Cloudflare into compliance based on the threat of contempt. The Court should reject such gamesmanship. *Cf. Heritage of Pride, Inc. v. Matinee NYC Inc.*, 2014 WL 3703871, at *1 (S.D.N.Y. July 23, 2014) ("[I]f anyone has behaved badly here, it is Plaintiff, which seems to have engaged in 'gotcha' tactics that were designed to set up a contempt application-which happens to be a style of litigation that this Court finds offensive.").

2. On the merits, Watch Tower's contempt motion was doomed from the start, which is why the Court's decision to deny the motion was "not even close." Ex. A at 19:12. Watch Tower ignored a wall of authority holding that contempt is inappropriate unless the subpoena recipient has defied a court order compelling compliance with the subpoena. Even the two cases Watch Tower attempted to marshal in its favor in its opening brief held as much. *See* ECF No. 20 at 7

 **ZwillGen**    183 Madison Avenue, Suite 1601    **Phone:** +1 646 362 5590
New York, NY 10016    **Website:** www.zwillgen.com

n.1. Watch Tower had not secured an order compelling Cloudflare's compliance, so it obviously could not argue that Cloudflare had defied such an order.

So, Watch Tower tried to salvage its position by arguing that DMCA subpoenas were unique and that an order issuing a DMCA subpoena was tantamount to an order compelling, *ex ante*, categorical compliance with that subpoena for contempt purposes.  Watch Tower could not marshal a single case to support that proposition, and the cases it did cite revealed the incoherence of its proposal.  This Court agreed that Watch Tower's purported DMCA-exception does not "hold[] any water," adding "I don't think the statutory language supports that, [and] there's no case law that supports that, at least in the context here where there's been no motion to compel."  Ex. A at 17:2-5.

3.    Watch Tower ignored several procedural requirements in its rush to seek contempt. It did not request a pre-motion conference, in violation of Local Civil Rule 37.2 and this Court's Individual Rule II.A; it moved for contempt on an order to show cause without adequate justification, in violation of Local Civil Rule 6.1(d); and it did not personally serve Cloudflare with its motion papers upon filing, in violation of Local Civil Rule 83.6(a).  Although the Court resolved Watch Tower's motion on other grounds, it described Cloudflare's arguments about those "procedural infirmities" as not "frivolous," Ex. A at 17:6-8, underscoring that Watch Tower's contempt motion was ill considered.

*        *        *        *

Had Watch Tower objectively assessed whether to seek contempt against Cloudflare, the only reasonable conclusion it could have drawn was that the motion was improper.  Accordingly, under Local Civil Rule 83.6(d), Cloudflare respectfully requests leave to move to recover its costs, disbursements, and reasonable attorneys' fees incurred in responding to Watch Tower's contempt motion and requests that this Court award any other relief it deems just.

Sincerely,

/s/ *Sudhir V. Rao*
Sudhir V. Rao

*Counsel for Cloudflare, Inc.*

CC:  Counsel of record

3