Case 7:25-mc-00555-KMK Document 46-1 Filed 10/01/26 Page 2 of 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: DMCA Section 512(h) Subpoena to Cloudflare, Inc. | Case No.: 7:25-mc-00555-KMK<br>[Proposed XXXXXXXX] Protective Order |

WHEREAS, by Opinion and Order dated July 21, 2026 (Dkt. No. 45), this Court denied J. Doe ("Doe")'s motion to quash the subpoena issued to Cloudflare, Inc. ("Cloudflare"), but held Cloudflare's compliance in abeyance pending the Court's determination whether a protective order should be entered;

WHEREAS, this Court recognized that a protective order may preserve Doe's anonymity in any subsequent infringement action and directed counsel for Doe and Watch Tower Bible and Tract Society of Pennsylvania ("Watch Tower") to confer regarding a protective order protecting Doe's identity from public disclosure;

WHEREAS, the parties were unable to agree on the form of a protective order, including whether Doe's identifying information may be disclosed to Watch Tower itself; and

WHEREAS, this Court finds good cause under Federal Rule of Civil Procedure 26(c) for narrowly tailored Attorneys' Eyes Only protection of Doe's identity and related identifying information while permitting Watch Tower's counsel to obtain and use that information as reasonably necessary to investigate, evaluate, prepare, file, prosecute, defend, or resolve any claim arising from the conduct at issue;

IT IS HEREBY ORDERED that the following restrictions and procedures shall apply:

1. **Attorneys' Eyes Only Information.** All information produced by Cloudflare in response to the subpoena that identifies, tends to identify, or could reasonably be used to identify Doe ("AEO Information" or "Information") shall be designated and treated as "ATTORNEYS' EYES ONLY" ("AEO"). AEO Information includes, without limitation, Doe's name, aliases other than the public pseudonym J. Doe, residential or business addresses, telephone numbers, email addresses, account or subscriber registration information, billing information, IP addresses or other network identifiers linked to Doe, and any other information that would reveal or reasonably permit discovery of Doe's identity.

2. **Permitted Use.** AEO Information shall be held in confidence and used solely as reasonably necessary in connection with: (a) evaluating or investigating Watch Tower's potential copyright claims concerning the conduct underlying the subpoena; (b) preparing for, commencing, prosecuting, defending, or resolving any related infringement action

Case 7:25-mc-00555-KMK Document 46-1 Filed 10/01/26 Page 3 of 6

concerning the content allegedly infringed in this action; (c) serving process and complying with applicable procedural requirements; (d) conducting discovery in such an action; and (e) obtaining legal, technical, investigative, or expert assistance reasonably necessary for those purposes. AEO Information shall not be used for religious, ecclesiastical, disciplinary, employment, familial, social, public-relations, media, or any other purpose unrelated to the foregoing legal purposes.

3. **Persons Authorized to Receive AEO Information.** AEO Information may be disclosed only to the following persons, and only to the extent Watch Tower's counsel determines in good faith that the disclosure is reasonably necessary for a purpose permitted by Paragraph 2:

    a. Outside counsel of record for Watch Tower and attorneys employed by or working with such counsel who are directly involved in the matter;

    b. Employees of such outside counsel, including paralegals, litigation support personnel, and administrative staff, whose assistance is reasonably necessary;

    c. Independent experts, consultants, investigators, vendors, translators, process servers, or other third-party service providers retained by Watch Tower's counsel whose access is reasonably necessary for a purpose permitted by Paragraph 2; and

    d. A judicial court and its personnel in a related judicial proceeding in which infringement of the content described in this action is alleged, including any mediator, special master, or other person who obtains access by virtue of an official role in a related judicial proceeding.

4. **No Disclosure to Watch Tower Personnel.** Absent Doe's written consent or further order of this Court, AEO Information shall not be disclosed to Watch Tower, its officers, directors, employees, agents, members, religious or ecclesiastical personnel, in-house counsel, or any other person affiliated with Watch Tower solely by reason of that affiliation. Nothing in this paragraph prevents Watch Tower's counsel from communicating legal advice, litigation strategy, factual conclusions, or non-identifying information to Watch Tower, provided that such communication does not disclose AEO Information or permit Doe's identity to be deduced.

5. **Conditions Before Disclosure to Authorized Third Parties.** Before disclosing AEO Information to any person identified in Paragraph 3, Watch Tower's counsel shall: (a) determine in good faith that the person's access is reasonably necessary; (b) disclose only the minimum AEO Information reasonably necessary for the assigned task; (c) provide the person with a copy of this Order; (d) inform the person that this Court has restricted the use and disclosure of the Information; and (e) obtain the person's executed agreement to be bound in the form attached as Exhibit A ("Agreement"). Watch Tower's counsel shall retain each executed Agreement and shall make it available to this Court upon request. The Agreements need not be disclosed to Doe absent agreement of the parties or further order of this Court.

6. **Persons Located in Foreign Jurisdictions.** AEO Information may be disclosed to an otherwise authorized person located outside the United States only when reasonably necessary under Paragraph 2 and subject to all requirements of this Order. Before any such disclosure, the person must execute Exhibit A and expressly agree that: (a) this Order binds the person regardless of the country in which the person resides, works, receives, accesses, stores, or uses the AEO Information; (b) the person submits to the jurisdiction of this Court solely for purposes of enforcing this Order and the executed Agreement; and (c) the person will maintain the AEO Information using reasonable safeguards and will not disclose, transfer, or make it accessible to any person not authorized by this Order. Nothing in this paragraph authorizes a disclosure prohibited by applicable law. If Watch Tower's counsel reasonably believes foreign law may require disclosure inconsistent with this Order, Watch Tower's counsel shall not make the disclosure unless and until the issue is resolved by agreement or further order of this Court.

7. **Discovery and Litigation Use.** Nothing in this Order prevents Watch Tower's counsel from using AEO Information to conduct discovery or otherwise pursue a related claim involving the content allegedly infringed as described in this matter. Watch Tower's counsel may, for example, use AEO Information to identify and contact witnesses, retain appropriate experts or investigators, effect service, issue discovery requests or subpoenas, investigate relevant facts, and prepare pleadings or motions, subject to the restrictions of this Order. To the extent a deposition, discovery response, exhibit, pleading, or other material would reveal AEO Information, the material shall itself be treated as AEO unless the Court orders otherwise.

8. **Court Filings and Public Disclosure.** This Order does not itself authorize the filing of any document under seal. Any party seeking to file AEO Information with any court shall comply with the Court's applicable rules and procedures governing sealing or redaction. Unless and until the Court orders otherwise, Doe shall be referred to publicly as "J. Doe," and AEO Information shall be redacted from publicly filed documents.

9. **Security.** Recipients shall maintain AEO Information securely and take reasonable measures to prevent unauthorized access, including limiting electronic access to authorized persons and avoiding storage or transmission through publicly accessible systems. Any person who learns of an unauthorized disclosure or access shall promptly notify Watch Tower's counsel, who shall promptly notify Doe's counsel and take reasonable steps to retrieve the information and prevent further disclosure.

10. **Challenges and Requests for Additional Disclosure.** Nothing in this Order prevents Watch Tower from seeking modification of the AEO restrictions upon a particularized showing that disclosure to Watch Tower or another person is reasonably necessary to advance a related claim involving the content allegedly infringed as described in this matter and cannot reasonably be accomplished through an authorized recipient under this Order. Before seeking relief from this Court, the parties shall meet and confer in good

faith. Unless otherwise ordered, AEO treatment shall remain in effect while any such request is pending.

11. **Compelled Disclosure.** If an authorized recipient receives a subpoena, court order, governmental demand, or other legal process that may require disclosure of AEO Information, the recipient shall, to the extent legally permitted, promptly notify Watch Tower's counsel and Doe's counsel in writing and provide sufficient information to permit Doe to seek appropriate protection. No recipient shall disclose more AEO Information than is legally required.

12. **Inadvertent Disclosure.** An inadvertent disclosure of AEO Information to an unauthorized person does not waive protection under this Order. Upon learning of such disclosure, the party receiving the inadvertent disclosure shall promptly notify Doe's counsel, use reasonable efforts to retrieve all copies, inform the unauthorized recipient of the terms of this Order, and obtain an executed Agreement where appropriate.

13. **Duration; Return or Destruction.** The obligations imposed by this Order shall survive the conclusion of this miscellaneous proceeding and any related litigation involving the content allegedly infringed as described in this matter unless modified by this Court. Within 30 days after final resolution of all related litigation, including appeals, or within 30 days after the conclusion of the applicable statute of limitations period, recipients shall return or destroy AEO Information and copies thereof, except that Watch Tower's counsel may retain archival working files and court filings as required by law, professional obligations, or ordinary document-retention practices, provided that all retained material remains subject to this Order.

14. **No Waiver or Merits Determination.** Nothing in this Order constitutes an admission or determination concerning the merits of any claim or defense, Doe's First Amendment rights, fair use, infringement, the admissibility or discoverability of any information, or whether Doe may proceed pseudonymously in any future action. The parties retain all rights to raise those issues as appropriate.

15. **Jurisdiction.** This Court retains jurisdiction to enforce, modify, or interpret this Order, including after termination of this miscellaneous proceeding and with respect to persons who execute Exhibit A.

**IT IS SO ORDERED.**

DATED: October 2, 2026

Hon. Kenneth M. Karas

Case 7:25-mc-00555-KMK Document 46-1 Filed 10/01/25 Page 6 of 6

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY ATTORNEYS' EYES ONLY PROTECTIVE ORDER**

I, ______________________________, have been informed that certain information to be disclosed to me in connection with the matter *In re DMCA Subpoena to Cloudflare, Inc.*, 7:25-mc-00555-KMK, has been designated ATTORNEYS' EYES ONLY and is protected by an Order of the United States District Court for the Southern District of New York.

I have received and read a copy of the Protective Order. I agree to be bound by all of its terms. I will use AEO Information solely for the purposes permitted by the Protective Order, will not disclose it to any person not authorized by the Protective Order, and will take reasonable steps to safeguard it from unauthorized access or disclosure.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York solely for purposes of resolving and enforcing any issue arising under the Protective Order, including after termination of this proceeding or any related litigation.

I understand that violation of the Protective Order may subject me to sanctions or other remedies available to the Court. At the conclusion of my involvement, I will return or destroy AEO Information as directed by Watch Tower's counsel who provided it, subject to the Protective Order.

Dated: __________________________

Name (printed): _________________________________

Signature: ______________________________________

Country of residence/work (if outside U.S.): __________________________

Signed in the presence of/acknowledged by counsel: __________________________